UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RASHID ABDUL-AZIZ MUHAMMAD,        )
                                   )
              Petitioner,          )
                                   )
     vs.                           )
                                   )   No. 2:13-cv-00144-JMS-WGH
J. OLIVER Warden, FCI Terre Haute, )
                                   )
              Respondent.          )

**Entry and Order Dismissing Action**

**I.**

Rashid Abdul-Aziz Muhammad, a federal prisoner, seeks a writ of habeas corpus with respect to a prison disciplinary proceeding. Having considered the pleadings and the expanded record, and being duly advised, the court finds that Muhammad's petition for writ of habeas corpus must be **denied.**

The pleadings and the expanded record show the following:

1.   Muhammad is in the custody of the Federal Bureau of Prisons.

2.   Muhammad was previously confined at the Federal Correctional Institution at Butner, North Carolina. While at the institution, Muhammad was charged with misconduct. Specifically, he was charged in incident report no. 2135859 petitioner with a violation of Code 108, Possession of a Hazardous Tool.

3.   A hearing on the matter was conducted on May 27, 2011. After consideration of the evidence, a hearing officer found Muhammad guilty. Viewing the evidence favorable to that decision, on February 14, 2011, Muhammad had unauthorized possession and use of a cellular

telephone. On that date, a cellular telephone and phone accessories were found by correctional staff during a random shakedown in a recreation area behind a storage locker in the gymnasium and Muhammad was linked to use of the cellular telephone.

4. Based on the finding of guilty, Muhammad was sanctioned. These sanctions included the deprivation of 27 days of Good Conduct Time.

5. Muhammad's administrative appeals of the foregoing were rejected and the filing of this action followed.

6. Muhammad seeks relief pursuant to 28 U.S.C. § 2241. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

7. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). Federal inmates "have a liberty interest" in good time credits and "must be afforded due process" before any good time credits are revoked. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011).

8. In these circumstances, Muhammad was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963

(1974), ,*Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

9. Using the protections recognized in *Wolff* as an analytical template, Muhammad received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Muhammad was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. Muhammad's contentions otherwise are either irrelevant to the charge and proceeding involved in this case or refuted by the expanded record. He is not entitled to relief based on them.

10. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Muhammad to relief. Accordingly, he is not entitled to the relief he seeks. That petition must therefore be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __10/22/2013__

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Rashid Abdul-Aziz Muhammad
20017-101
FCI Petersburg Low
P.O. Box 1000
Petersburg, VA   23804

Electronically Registered Counsel